## OKEH PHONOGRAPH CORPORATION v. ARMSTRONG et al.
### No. 6984.

Circuit Court of Appeals, Ninth Circuit.
March 7, 1933.

Irving M. Walker, Joseph P. Loeb, and Herman F. Selvin, all of Los Angeles, Cal., for appellant.

Henry W. O'Melveny, Louis W. Myers, Walter K. Tuller, Pierce Works, and J. W. Chance, all of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

PER CURIAM.

Appeal from a decree denying appellant's application for preliminary injunction and granting appellees' motion to dismiss the bill of complaint for want of equity apparent on the face of the bill.

The bill alleged that appellee Armstrong entered into a contract with appellant for exclusive services in making records; that, by virtue of appellant's exercising certain renewal options, the entire contract was continued in force until May 7, 1933; that a covenant embodied in the contract bound Armstrong to record for no one else during its term and for three months thereafter; and that, in violation of the agreement, Armstrong had entered into an engagement with appellee R. C. A. Victor Company for his services from May 8, 1932.

Appellees contend, among other things (1) that the right to the services under the agreement, which is made a part of the bill, ended May 7, 1932; and/or (2) that the contract is so indefinite and uncertain in this respect that equitable relief should be denied.

The period of engagement is defined in the contract as "the time and any extensions thereof embraced by the date hereof [April 22, 1927] and the number of years hereinabove stated subsequent to the first acceptance of a master record [which the parties agree occurred on May 7, 1927], the duration of the prolongations aforesaid and any extensions thereof, and any periods of time during which the Artist renders service to Okeh under any agreements made subsequent hereto. * * *"

The various references to "extensions" relate to a matter not in issue, and may be disregarded.

So far as material, the paragraph which grants plaintiff the renewal option, is as follows: "Okeh shall have the option to prolong the time and any extensions thereof embraced by the date hereof and the number of years hereinabove stated subsequent. * * * The duration of such prolongation shall be measured by the date of the termination of the aforesaid time or any extensions thereof and like number of years as hereinabove stated subsequent. Okeh shall have the option for four (4) successive years to prolong for one (1) additional year the time last named and any extensions thereof in like manner, measure and effect as herein specified. * * *"

Appellant urges that the second quoted sentence of this paragraph conferred an option for one year, and that the next sentence gave it four more successive options, each for one year.

In an action at law, we should have to interpret this clause; the obvious and virtually conceded lack of clarity and the difficulty in determining the intention of the parties even in the light of the entire contract is, however, a sufficient ground to deny equitable relief.

Standard Fashion Co. v. Magrane Houston Co. (C. C. A. 1, 1918) 251 F. 559. Cf. Dalzell v. Dueber Watch-Case Mfg. Co. (1893) 149 U. S. 315, 325, 13 S. Ct. 886, 37 L. Ed. 749.

Decree affirmed.